UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
LESTER JON RUSTON,                      )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )   Civil Action Nos.   10-0869 (PLF)
                                        )                       10-0799 (PLF)
UNITED STATES SECRET SERVICE,           )                       10-0872 (PLF)
                                        )                       10-1382 (PLF)
            Defendant.                   )                       10-1489 (PLF)
_____)


MEMORANDUM OPINION

        This matter, brought *pro se* under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, is before the Court on defendant's motion to vacate the order granting plaintiff

leave to proceed *in forma pauperis* ("IFP") on the basis that he is an abusive filer. Upon

consideration of the motion, plaintiff's "omnibus opposition," defendant's reply and plaintiff's

surreply, the Court will grant defendants' motion, revoke plaintiff's IFP status and allow 30 days

for plaintiff to pay the $350 filing fee applicable to civil actions.[1] In addition, the Court will

enjoin plaintiff from proceeding IFP in any future civil actions.

        Plaintiff is a civil detainee at the Bureau of Prisons' Springfield Medical Center in

Springfield, Missouri, having been found not guilty by reason of insanity for threatening to

assault and murder a federal magistrate judge. *See United States v. Ruston*, 565 F.3d 892, 894

(5th Cir. 2009). Whether plaintiff is subject to the filing fee requirements of the Prison

Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915, has not been decided

definitively, but at least one judge of this Court has determined that he is not. *See Ruston v.*

_____
        [1] The Court has stayed the proceedings in the related cases listed above pending the
resolution of plaintiff's IFP status.

*Justice Department*, No. 06-0224 (RMU) (D.D.C. Mar. 24, 2006) [Dkt. No. 6] (order granting application to proceed *in forma pauperis*).[2]  The PLRA defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms [of supervised release].  28 U.S.C. § 1915(h).  Because plaintiff is not confined for any of those reasons – he was found not guilty by reason of insanity –  the Court agrees that he is not subject to the PLRA.  *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 Fed. Appx. 666, 668 (10th Cir. 2008) ("Although we have never squarely decided the issue, other courts have found that mental patients are not 'prisoners' within the meaning of the PLRA when they are confined as a result of being found not guilty by reason of insanity.") (citations omitted).

Plaintiff nevertheless has been allowed to file numerous IFP cases in this Court and courts throughout the country, and most of his cases have been dismissed as frivolous or for failure to state a claim.  *See Ruston v. Church of Jesus Christ of Latter-Day Saints*, 304 Fed. Appx. at 668 (affirming the dismissal of plaintiff's complaint on the alternative ground of frivolousness); *Ruston v. Riggs*, No. 08-1178, 2008 WL 2705194 (D.D.C. Jul. 8, 2008) (citing *Ruston v. Dallas County*, No. 07-1076, 2008 WL 958076 (N. D. Tex. Apr. 9, 2008)) (discussing Ruston's "extensive and abusive filing history," consisting of "82 prisoner actions nationwide 42 of those in Texas federal district courts alone" and a resulting barring order) (citation and footnote omitted); *see also Ruston v. United States*, No. 10-0805, 2010 WL 1960848, n.2

---

[2]  Pursuant to the PLRA, a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim, unless he establishes that he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

(D.D.C. May 17, 2010) (dismissing complaint as frivolous and noting that "this determination is consistent with Ruston's history of delusional thinking."); *Ruston v. Deitle*, No. 09-2039 (D.D.C. Oct. 30, 2009) (dismissal on ground of frivolousness); *Ruston v. Riggs*, No. 08-1178 (D.D.C. Jul. 8, 2008) (same); *Ruston v. Bush*, No. 08-0732 (D.D.C. Apr. 29, 2008), *aff'd* 298 Fed. Appx. 16 (D. C. Cir. 2008) ("The district court properly dismissed this action as frivolous pursuant to 28 U.S.C. § 1915(e) (2)(B), because the allegations lack an arguable basis either in law or fact.") (citation omitted); *Ruston v. Gonzales*, No. 06-1160 (D.D.C. Jun. 26, 2006) (docket entry listing "Order Dismissing Case With Prejudice as Frivolous"). Defendant therefore asks this Court to exercise its discretion to revoke plaintiff's IFP status on the ground that he has abused the privilege to proceed IFP. *See Butler v. Department of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007) (determining that in managing its dockets, the court's "authority to deny IFP status to a prisoner who has abused the privilege is clear."); *Hurt v. Social Security Administration*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("If [the three-strike] rule is appropriate for prisoners, who are severely limited in their ability to earn money to pay filing fees, surely it is permissible for similarly vexatious non-incarcerated litigants.").

In deciding whether to revoke plaintiff's IFP status, the Court considers "the number, content, frequency, and disposition of [his] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history." *Butler v. Department of Justice*, 492 F.3d at 446. In doing so, this Court may take judicial notice of, and rely upon, the rulings of other courts. *See Mitchell v. Federal Bureau of Prisons*, 587 F.3d 415, 418-19 (D.C. Cir. 2009) (reasoning that "it would make no sense to disregard evidence that a prisoner who has yet to abuse the privilege here has blatantly abused it elsewhere."). According to a PACER print-out,

plaintiff has filed 178 cases nationwide since 2001, some on the same day and many within days of each other. *See* Def's. Mot., Ex. A. Because of his "numerous frivolous and vexatious suits, [the Northern District of Texas] barred [plaintiff in 2004] from filing any further actions [there] unless he first obtained permission to file a civil complaint or paid the required filing fee." *Ruston v. Dallas County*, *supra*, 2008 WL 958076, at *1 (citation omitted). When plaintiff filed the lawsuit against Dallas County in Texas state court, the federal defendants removed the case to federal court. *Id*., at *2. The federal court determined that its earlier barring order did not cover removed actions, dismissed the complaint with prejudice as frivolous and modified its barring order to prohibit plaintiff "from proceeding with any civil action in this court - whether he filed it in this court, he filed it in another court and it was removed to this court, or he filed in another federal court and it was transferred to this court - unless he obtains from a district judge of this court leave to proceed in this court." *Id*., at *5. It further directed that "[i]f a civil action is removed or transferred to this court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Ruston seeks, in writing, leave from a district judge of this court to proceed in this court." *Id*. In addition, the Eastern District of Louisiana has described plaintiff as "a serial filer of lawsuits." Def.'s' Mot., Ex. B (Order and Reasons at 1).

A search of this Court's dockets reveals that plaintiff has filed 21 civil actions here since 2005, the majority of which were either transferred under 28 U.S.C. § 1406(a) or dismissed pursuant to 28 U.S.C. § 1915(e) prior to assignment to a district judge. Plaintiff's cases that survived the Court's screening process and, thus were assigned to a judge were filed under the FOIA. *See* Civil Action Nos. 05-2314 (RMU), 06-0224 (RMU), 06-0782 (RMU), 10-0799 (PLF), 10-0869 (PLF), 10-0872 (PLF), 10-1382 (PLF), 10-1489 (PLF). More recently,

however, the Court dismissed in screening plaintiff's FOIA complaint against the Bureau of

Prisons ("BOP") because it was clear from the complaint that plaintiff had stated no claim.

*Ruston v. Federal Bureau of Prisons*, No. 10-0917 (ESH) (D.D.C. June 4, 2010) (Mem. Op. at

2). Plaintiff alleged that BOP had not responded to his request made in 2007, but the complaint

attachment established the opposite. In dismissing the action for failure to state a claim, Judge

Huvelle made the following observation:

> Plaintiff attaches to this complaint a "Certificate of Identity" dated
> April 17, 2010, but he does not state that he completed such a form and
> returned it to the agency in response to the letter of November 23, 2007.
> Instead, plaintiff makes wild, unsubstantiated allegations of a conspiracy
> involving United States District Judge Ricardo Urbina of this Court and other
> individuals not named in this action.

*Id*. True to form, plaintiff makes similar outlandish conspiracy allegations in each of the pending

FOIA complaints and, as discussed below, in his opposition to the pending motion.

Similar to the imminent danger exception under Section 1915(g) of the PLRA, the

District of Columbia Circuit recognizes "an endangerment exception" in abusive filer cases.

*Mitchell v. Federal Bureau of Prisons*, 587 F.3d at 420. But "[a]s with the PLRA," the danger is

assessed by looking at the complaint's allegations. *Id*. (citing *Ibrahim v. District of Columbia*,

463 F.3d 3, 6 (D.C. Cir. 2006)). Plaintiff claims that he is facing imminent danger "due to

Calvert and his co-conspirators soliciting crime of violence and acts of fraud against Plaintiff,

including multiple death threats . . . to prevent his leaving the United States." Pl.'s Opp'n at 3.

Plaintiff further claims that he "has petitioned the United Kingdom for political asylum, due to

multiple attempts to murder [him], all covered up by Rick Calvert and the district court in

Dallas." *Id*. Plaintiff identifies Calvert as an Assistant United States Attorney in Dallas, Texas.

*Id*. at 2.  Not only are plaintiff's bizarre accusations unbelievable, but they have nothing to do with the defendant-agency's disclosure obligations under the FOIA.  They therefore provide no basis for allowing plaintiff to proceed IFP in this FOIA case under the endangerment exception.

Based upon plaintiff's litigation history, the Court finds that he has abused the privilege to proceed IFP.  Accordingly, it will (1) grant defendant's motion to vacate the order granting leave to proceed IFP, (2) revoke plaintiff's IFP status in all of his pending civil actions, and (3) enjoin plaintiff from proceeding IFP in this Court in any future civil actions.  A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
DATE:  November 4, 2010                    United States District Judge